TOWNSHIP OF UPPER, COUNTY OF CAPE MAY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. OAK RIDGE CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Cape May County

January 11, 1983.

*Louis G. Rubino* for plaintiff (*Rubins* and *Waldron,* attorneys).

*Judith Eichen Fellheimer* for defendants (*Fellheimer, Eichen & Goodman,* attorneys).

Civil action

EDWARD S. MILLER, J.S.C.

Cross-motions for summary judgment were brought in this suit by Judith Eichen Fellheimer, Esq., on behalf of defendant Oak Ridge Corporation, and by Louis G. Rubino, Esq., on behalf of plaintiff Township of Upper. Briefs were submitted by both parties and counsel was heard on oral argument.

The object of this suit is the Oak Ridge Campground, a trailer campground located in Marmora, New Jersey. Owned and operated by John N. Davis, III and his wife Eleanor, the campground was open to the public for some 20 years until March 1981. It consisted of approximately 240 camp sites, each of which provided certain utility outlets, including water and electricity. Each site was rented exclusively for camping purposes through the months of April to October, inclusive.

On March 19, 1981 the campground property was transferred to the Oak Ridge Corporation. A master deed was filed on March 27, 1981 to establish the campground as condominium property. That action was taken by the president of the corporation, Ralph Clayton, Jr., pursuant to the law as set forth in *N.J.S.A.* 46:8B–8 through *N.J.S.A.* 46:8B–11 of the New Jersey Condominium Act. Plaintiff challenges the condominium conversion under Municipal Ordinances 9–1976 and 7–1976 of Upper Township, *N.J.S.A.* 46:8B–3(h) and *N.J.A.C.* 8:22–1.4.

It is the decision of this court to grant defendant's motion for summary judgment dismissing plaintiff's amended complaint, and to deny the motion of plaintiff.

A reading of the New Jersey Condominium Act, *N.J.S.A.* 46:8B–1, *et seq.,* in conjunction with similar legislation of other states, reveals the language of our statute to be singularly broad, and does not contain a definition of the specific type of property subject to condominium conversion. References commonly made in such statutes to single units in multi-unit buildings, structures or groups of single-family or garden-type apartments does not appear in the New Jersey law. Under *N.J.S.A.* 46:8B–3(h), condominium is defined:

"Condominium" means the form of ownership of real property under a master deed providing for ownership by one or more owners of units of improvements together with an undivided interest in common elements appurtenant to each such unit.

The definition of unit appears in *N.J.S.A.* 46:8B–3(*o*):

"Unit" means a part of the condominium property designed or intended for any type of independent use, having a direct exit to a public street or way or to a

common element or common elements leading to a public street or way or to an easement or right of way leading to a public street or way, and includes the proportionate undivided interest in the common elements and in any limited common elements assigned thereto in the master deed or any amendment thereof.

The term "improvements" is undefined in the act and unlimited to date by the courts. Whether the improvements included in a camp site, such as water, sewer and electrical connections, are sufficient to satisfy the legislative intent must be answered through references to related areas of law. Under *N.J.S.A.* 2A:18–61.1(k), entitled "Removal of residential tenants; ground," the Legislature has provided, through implication, an answer to the ambiguity. The statute reads:

No lessee or tenant or the assigns, under-tenants or legal representatives of such lessee or tenant may be removed by the county district court or the Superior Court from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units or a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant, except upon establishment of one of the following grounds as good cause: . . .

(k) The landlord or owner of the building or mobile home park is converting from the rental market to a condominium, cooperative or fee simple ownership of two or more dwelling units or park sites, except as hereinafter provided in subsection 1. Where the tenant is being removed pursuant to this subsection, no warrant for possession shall be issued until this act has been complied with . . . .

Trailer campground sites, though not specifically mentioned, are little different from that provided in a mobile home park. Further, the seasonal nature of a campground makes it no different from any other resort condominium, regardless of the type of improvement involved. Limited use during the year has little bearing on how a property may be owned.

Upper Township has strongly asserted that this conversion is a change requiring subdivision approval, arguing the change creates high density housing contrary to the applicable zoning ordinances. This contention is clearly met under *N.J.S.A.* 46:8B–29:

All laws, ordinances and regulations concerning planning, subdivision or zoning, shall be construed and applied with reference to the nature and use of the condominium without regard to the form of ownership. No law, ordinance or regulation shall establish any requirement concerning the use, location, placement or construction of buildings or other improvements which are, or may thereafter be subjected to this act unless such requirement shall be equally applicable to all buildings and improvements which are, or may thereafter be subjected to this act. No subdivision or planning approval shall be required as a condition precedent to the recording of a master deed or the sale of any unit unless such approval shall also be required for the use or development of the lands described in the master deed in the same manner as therein set forth had such lands not been submitted to this act.

The Oak Ridge Campground stood, prior to the master deed filing, as a valid, pre-existing, nonconforming use. The above-cited act, commonly referred to as a look-alike rule, requires that condominium property be treated as the thing which it most resembles, without discrimination due to the ownership change. If defendant campground did not need subdivision approval prior to the master deed filing, then such requirement may not be imposed afterwards.

In light of the foregoing, plaintiff's concern regarding the continuing applicability of campground regulations, *N.J.A.C.* 8:22–1.1 *et seq.,* is unfounded. Just as an apartment or office building continues to operate subject to the fire and health codes regardless of its condominium status, a campground is not shielded from its responsibility under the administrative regulations. The condominium association and campground manager must continue to meet all applicable codes and regulations in order to continue operations, or be subject to the same penalties that could have been imposed pre-conversion.

In conclusion, the court holds that defendant Oak Ridge Campground has validly effected a condominium conversion with the filing of a master deed under *N.J.S.A.* 46:8B–8 through *N.J.S.A.* 46:8B–11, and such conversion does not permit plaintiff Township of Upper to require subdivision approval for the subject property.